IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:14CR186** |
| v. | |
| TREMAINE WINDHAM, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the court on defendant Windham's objection, Filing No. 52, to the Findings and Recommendation ("F&R") of the magistrate judge, Filing No. 49, on defendant's motion to suppress identification evidence, Filing No. 39. The defendant is charged with conspiracy to possess with intent to distribute Oxycodone in violation of 21 U.S.C. § 846. Filing No. 1, Indictment.

The defendant challenges an out-of-court identification; to wit, an unmarked photo of Windham shown by law enforcement officers to a confidential informant who positively identified Windham as the person from whom she purchased the drugs. Filing No. 39, Motion to Suppress. He contends that the showing of a single photograph of the defendant to the perspective witness was unduly suggestive, highly prejudicial and unreliable and that this procedure created a substantial likelihood of irreparable misidentification of the defendant. *Id.* After a hearing, the magistrate judge recommended denial of the motion. Filing No. 49, F&R; Filing No. 54, Transcript at 19-20.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the F&R to which the defendant objects. *United*

*States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003).  The court has reviewed the entire record, including the transcript of the suppression hearing.  *See* Filing No. 54, Transcript. The court accepts the facts set out by the magistrate judge and they need not be repeated here, except to the extent necessary to this court's findings.  *Id.* at 17-19.

Briefly, the evidence shows that a confidential informant made a controlled buy in January, 2014.  *Id.* at 6.  A law enforcement officer observed a black male at that time.  *Id.* at 7.  The confidential informant later reported that the source for the pills was a black male in a wheelchair.  *Id.*  The confidential informant set up a second buy to occur at the defendant's house.  *Id.* at 7-8.  Law enforcement officers observed the transaction, saw the defendant and identified him through a database linked to the address.  *Id.* at 8, 13.  They obtained a photo of the defendant in a wheelchair in the NCJIS database.  *Id.*; *see* Filing No. 47, Index of Evid., Ex. 1.  Approximately seven days later, the confidential informant was shown the photo and identified the defendant.  *Id.* at 10.  The government concedes that it could have obtained photo lineup and admits the photo lineup was impermissibly suggestive.  *Id.* at 4, 18.  The magistrate judge found that, although impermissibly suggestive, under the totality of the circumstances, the suggestive photo array did not create a very substantial likelihood of irreparable misidentification.  *Id.* at 18-20.

The court agrees with the magistrate's conclusions.  In the Eighth Circuit, even if an identification procedure is suggestive, "'suppression of the resulting identification is not the inevitable consequence.'"  *United States v. Hickman*, 764 F.3d 918, 922-23 (8th Cir. 2014).  Instead, the court must "evaluate 'whether improper police conduct created

2

a 'substantial likelihood of misidentification.'" *Hickman*, 764 F.3d at 922-23 (quoting *Neil v. Biggers*, 409 U.S. 188, 201 (1972)).  Courts "consider 'the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of [his or her] prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.'" *Hickman,* 764 F.3d at 923 (quoting *United States v. Williams*, 340 F.3d 563, 567 8c 2003).  Under the circumstances, the court agrees with the magistrate judge's determination that the suggestive procedure did not create a "substantial likelihood of irreparable misidentification."  The identification by the confidential informant merely corroborated information already known to law enforcement. Accordingly, the court finds the defendant's objections should be overruled, the F&R should be adopted, and the motion to suppress should be denied.

IT IS ORDERED:

1.      Defendant Windham's objections to the F&R (Filing No. 52) are overruled.

2.      The Findings and Recommendation of the magistrate judge (Filing No. 49) is hereby adopted.

3.      Defendant Windham's motion to suppress (Filing No. 39) is denied.

Dated this 5th day of February, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

3